ROBERT A. CESARI (1928-2008)
JOHN F. McKENNA
MARTIN J. O'DONNELL
THOMAS C. O'KONSKI
PATRICIA A. SHEEHAN
MICHAEL E. ATTAYA
CHARLES J. BARBAS
MICHAEL R. REINEMANN
KEVIN GANNON
DUANE H. DREGER
JAMES A. BLANCHETTE
OMAR M. WADHWA
RITA M. ROONEY
MICHAEL T. ABRAMSON
STEPHEN D. LeBARRON

# CESARI AND McKENNA, LLP
## ATTORNEYS AT LAW
88 BLACK FALCON AVENUE
BOSTON, MASSACHUSETTS 02210

Telephone: (617) 951-2500 Telecopier: (617) 951-3927
Website: www.c-m.com

INTELLECTUAL PROPERTY
AND RELATED
CAUSES

A. SIDNEY JOHNSTON
EDWIN H. PAUL
OF COUNSEL

HEATHER SHAPIRO
PATENT AGENT

January 13, 2011



Honorable Marian W. Payson
Kenneth B. Keating Federal Building
100 State Street
Rochester, NY 14614

Re: <u>Lee Valley Tools, Ltd. et al. v. Woodcraft Supply LLC et al.</u>
*Civil Action No. 10-CV-6242-CJS*

Dear Magistrate Judge Payson:

We represent defendants Woodcraft Supply LLC and Industrial Blade Company (respectively, "Woodcraft" and "IBC" or collectively, "Defendants") in this action. The parties have conferred in accordance with Local Rule 37 but have been unable to agree to a Stipulated Protective Order that would govern the disclosure of confidential information and documents to be exchanged during this litigation.[1] Accordingly, we write now to request the Court's assistance in resolving this dispute.

---

[1] The issue that has arisen with respect to the Protective Order may actually be moot. Plaintiffs have failed to serve timely responses to IBC's First Set of Interrogatories to Plaintiffs and IBC's First Set of Requests for Production of Documents to Plaintiffs. This failure has resulted in a waiver of all objections including objections concerning confidentiality. IBC intends to file a motion to compel production by Plaintiffs of all responsive information and documents regardless of any objections. Fed. R .Civ. P. 33(b)(4) and 34(b)(2)(A); *Carr v. Queens-Long Island Med. Group,* No. 99 Civ. 3706(NRB) (JCF), 2003 WL 169793, at *5 (S.D.N.Y. Jan. 24, 2003)(objections to interrogatories waived because of failure to object timely); *Techsearch Servs, Inc. v.. Gorman,* No. 97 Civ. 7641(JSM) (KNF), 1999 WL 33024, at *2 (S.D.N.Y. Jan. 21, 1999) (failure to respond on a timely basis to interrogatories and document requests may result in waiver of any objections that could have been seasonably asserted). We nonetheless believe that the issue addressed in this letter should be resolved in the event that IBC's motion to compel is denied.

# CESARI AND MCKENNA, LLP

Honorable Marian W. Payson
January 13, 2011
Page 2

## I.     Factual Background

In or about 1999, Plaintiffs approached IBC to supply the blades for woodworking tools (hand planes) that Plaintiffs sold to customers. IBC thus became Plaintiffs' sole source supplier for about one decade thereafter, until Plaintiffs, in or about March of 2009, indicated that they planned to start producing the hand plane blades in-house. Thereafter, in an attempt to mitigate its damages from Plaintiffs' breach of the sole source supply contract, IBC began to supply its blades to Woodcraft for use in its hand planes. A dispute arose between Plaintiffs and IBC regarding, among other things, whether Plaintiffs made material changes to the blades supplied by IBC that were used in Plaintiffs' award winning Veritas hand planes.

The parties agree that a Protective Order is appropriate in this case and further agree on most of the provisions that should be included. Plaintiffs have circulated a form of such an Order which is attached as Exhibit A. The revisions (shown in redline) are revisions that the Defendants have requested, principally regarding one key provision. The Protective Order provides two levels of confidentiality: (1) CONFIDENTIAL and (2) the more restrictive RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY.

Distilled to its essence, the current dispute arises from the fact that by its terms, Plaintiffs' proposal would not permit any employee or officer of a party access to information designated "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY." The Defendants, on the other hand, seek entry of a Protective Order that would allow one (1) officer or employee of each party - who has been designated to assist the attorneys with the conduct and management of the action and who has agreed in writing to be bound by the Protective Order - to have access to information designated "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY".

Plaintiffs oppose allowing anyone other than outside counsel and independent experts to have access to any information or documents that Plaintiffs unilaterally choose to designate as "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY," and propose that Defendants instead contest the confidentiality designations made by Plaintiffs for information and documents as they are produced, if Defendants later determine that access is required by one of their officers or employees. Such a piecemeal approach, however, would only needlessly complicate and delay discovery and increase costs.

# CESARI AND MCKENNA, LLP

Plaintiffs have indicated that they are concerned about providing sensitive information to a competitor. It should be noted that only Woodcraft directly competes with Plaintiffs in the sale of hand planes; IBC simply manufactures blades for use by Woodcraft and others in their hand planes.[2] More to the point, however, Defendants have the right to defend themselves against Plaintiffs' claims in this case, and prosecute counterclaims, especially here, where the one officer or employee of each party allowed access agrees in writing to maintain any information received in confidence.

Defendants' most significant concern is the undue prejudice that Plaintiffs' proposal is likely to cause Defendants. Disproving Plaintiffs' claim that it made any material improvements to the hand plane blades supplied to it by IBC, and disproving that Plaintiffs themselves have trade secrets relating to blade manufacturing that were not derived from IBC, are critical to Defendants' claims and defenses. In order to evaluate and respond to Plaintiffs' trade secret allegations, Defendants' counsel must be allowed to discuss such claims with a designated officer or employee assigned to assist counsel with the conduct of the case. Access to such information by Brian Rabinovitch, IBC's founder and President, is particularly crucial, given his intimate knowledge and experience with blade manufacturing.

As noted above, IBC was the sole supplier of blades used in Plaintiffs' Veritas hand planes from December 1999 to early March 2009. Pursuant to their common interests and in keeping with their oral agreements to keep such information confidential, IBC shared its confidential and proprietary blade making information, including trade secrets, with Plaintiffs. It is therefore inconsistent and unfair for Plaintiffs to claim now that review of Plaintiffs' information and documents should be limited to Defendants' outside counsel and independent experts. In fact, IBC's counterclaims allege, in part, that Plaintiffs - using trade secret information acquired from IBC - manufactured on their own and sold blades that copy or simulate the unique, distinctive textured grinding pattern surface that characterizes IBC's blades and is part of IBC's trade dress.

---

[2] Plaintiffs will argue that IBC competes with Plaintiffs in the sale of replacement blades for hand planes. While this is true, IBC only became a competitor after March of 2009 when Plaintiffs unilaterally terminated (breached) their sole source supplier relationship (agreement) with IBC. It should be noted that IBC and Plaintiffs were not competitors from December 1999 through March 2009. Any information and documents concerning any material changes made to blades supplied by IBC during this time period is critical to IBC's defense against Plaintiffs' false advertising claims. Therefore, IBC's need for this information substantially outweighs any risk of economic injury to Plaintiffs from disclosure.

# CESARI AND MCKENNA, LLP

Honorable Marian W. Payson
January 13, 2011
Page 4

The manufacture of blades is a highly specialized field. Mr. Rabinovitch has spent many years and devoted a tremendous amount of resources in developing his blade manufacturing expertise. There may be no one with greater knowledge in the field. Defendants expect that Plaintiffs will improperly mark technical information and/or documents, particularly those relating to steps and processes allegedly used to manufacture and/or improve its plane blades, as RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY. This will prevent Defendants' counsel from freely consulting with IBC's Mr. Rabinovitch and Woodcraft's designee regarding such information and/or documents.

Moreover, because IBC has interposed counterclaims asserting, in part, that Plaintiffs have misappropriated IBC's blade manufacturing trade secrets, IBC has a right to know if those trade secrets that Plaintiffs are trying to prevent IBC from seeing are, in fact, the same as those that Plaintiffs are accused of misappropriating. Thus, the RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY category proposed by Plaintiffs is overly restrictive because IBC, including particularly Mr. Rabinovitch, has already had access to any details of the Plaintiffs' blade making processes and equipment, as those processes and equipment were derived from Mr. Rabinovitch.

Plaintiffs' proposed Protective Order would afford them an unfair strategic advantage: Plaintiffs' three causes of action assert false advertising and unfair competition under the Lanham Act, and common law unfair competition. Plaintiffs' claims arise from Defendants' advertisements that state (without ever mentioning Plaintiffs) that hand planes equipped with blades supplied from IBC have won numerous awards. Defendants' principal defense to such claims is that their advertisements are literally true. Plaintiffs' respond that the blades used in their Veritas hand planes were supplied by IBC but Plaintiffs materially improved the blades before they were used in award winning hand planes. Therefore, disproving Plaintiffs' claim that it makes any material improvements to the hand plane blades supplied to it by IBC is critical to Defendants' defense. To do so, Mr. Rabinovitch needs to have access such information.

By contrast, IBC's counterclaims allege several violations, including Lanham Act trade dress infringement and misappropriation of trade secrets. Thus, overly restrictive application of the "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY" category would particularly prejudice IBC, as it is the only party alleging misappropriation of trade secrets.

# CESARI AND MCKENNA, LLP

In short, Plaintiffs' overly restrictive proposal would impose on Defendants a serious strategic disadvantage. This is one of the factors distinguishing this case from this Court's decision in *Tailored Lighting, Inc. v. Osram Sylvania Prods., Inc.*, 236 F.R.D. 146 (W.D.N.Y. 2006), in which – unlike here – the plaintiff's main reason for opposing the proposed protective order was the cost associated with retaining an outside expert. That is not an issue here. Furthermore, as detailed below, courts across the nation routinely allow in-house technical experts access to confidential materials in order to assist in the prosecution or defense of a case provided they agree to maintain their confidentiality and not use them for any improper purpose.

**II.     Courts Routinely Allow In-House Technical Experts Access to Confidential Materials in Order to Assist in the Prosecution or Defense of a Case Provided They Agree to Maintain Their Confidentiality and Not Use Them For Any Improper Purpose.**

Numerous courts have rejected overly restrictive protective orders that preclude party representatives with crucial technical expertise and knowledge from having access to important documents marked "Confidential," "Highly Confidential" or similar designations. Disputes involving complex technical issues often require the use of in-house experts or employees who are skilled in and familiar with the technology at issue. In these cases, often over the opponent's objection, courts routinely allow a small number of party representatives to have access to the opponent's confidential information in order to facilitate the prosecution or defense of the case.

In *Medtronic Sofamor Danek, Inc. v. Michelson*, Case No. 01-2373, 2002 WL 33003691, (W.D.Tenn. Jan.30, 2002), the plaintiff, Medtronic, sought a two-tiered protective order which would preclude the inventor of the spinal fusion technology at issue from having access to information designated as "Confidential Information-Attorneys' Eyes Only." *Id.* at *2. Medtronic opposed allowing the inventor access to such confidential information on the grounds that he would be unable to compartmentalize the data learned from Medtronics' confidential information and keep it separate from his own research. *Id.* In addition, Medtronic feared that the inventor would unknowingly or intentionally pass Medtronic's research to its competitors. *Id.*

In rejecting Medtronics' proposed protective order and adopting the defendants' less restrictive one, the *Medtronics* court noted that the fact that the technology at issue was created by the inventor rendered him "uniquely qualified" to determine what devices and methods were covered by the license and purchase agreements in dispute;

# CESARI AND MCKENNA, LLP

Honorable Marian W. Payson
January 13, 2011
Page 6

additionally, the parties had enjoyed a contractual relationship for eight years. *Id.* at *3.
Applying the balancing test governing the need for a protective order under Rule 26(c),
the Medtronic court concluded that the risk that the inventor would abuse "his knowledge
of confidential information [was] small," while the "impact of prohibiting [the inventor's]
access to the confidential documents "would greatly impair his ability to defend himself
in the lawsuit" because he "would be unable to assist his attorneys" in issues that were at
"the heart of the lawsuit." *Id.* at *4.

In *MGP Ingredients, Inc. v. Mars Inc.*, 245 F.R.D. 497 (D. Kan. 2007) reached a
similar conclusion on similar facts. In *MGP Ingredients*, the plaintiff proposed a single-
tier protective order that would allow "persons employed by the parties who have
responsibility for this lawsuit, [or] who are assisting or involved in the preparation or
supervision of this lawsuit" to have access to confidential information. *Id.* at 499. Under
the two-tiered protective order proposed by the defendants, the plaintiff's in-house
scientists would not be allowed access to either confidential or highly confidential
information disclosed by defendants. *Id.* In holding that the defendants failed to show
good cause for their two-tiered protective order, the magistrate judge held:

> The Court is not convinced that Plaintiff is a direct competitor of Defendants.
> Furthermore, the Court finds that Defendants' two-tiered system may hamper
> Plaintiff's ability to assess the merits of the litigation. It is likely that Plaintiff
> will be prejudiced if its in-house scientists cannot have access to the
> confidential and highly confidential information disclosed by Defendants in
> this case. Plaintiff must be able to rely on its in-house scientists to help direct
> the litigation, devise legal strategy and provide assistance to Plaintiff's outside
> counsel. Given the technical nature of this case, the advice of Plaintiff's in-
> house scientists with specialized knowledge of the industry could be essential
> to the proper handling of this litigation by outside counsel.

*Id.*

In *Frees, Inc. v. McMillian*, Case No. 05-1979, 2007 WL 184889, (W.D.La. Jan.
22, 2007), the court similarly rejected the defendant's proposed two-tier protective order
that would have precluded the plaintiff's business personnel from reviewing highly
confidential information. In support of its decision, the *Frees* court found persuasive the
plaintiff's contentions that the technology at issue was unique and not easily understood,
and thus, it was unrealistic to expect plaintiff's trial counsel to gain sufficient expertise in

# CESARI AND MCKENNA, LLP

Honorable Marian W. Payson
January 13, 2011
Page 7

the technology and data at issue to be able to evaluate properly the discovery produced in the case. *Id.* at *5. The court concluded:

> [I]f [plaintiff's] personnel were not allowed to review the discovered information, [plaintiff] would be forced to hire an outside consultant which, as, [plaintiff] points out, would not only be very expensive, but also very difficult because, according to, [plaintiff], no experts currently have the particularized knowledge of, [plaintiff's] technology necessary to properly evaluate the [defendant's] documents.

*Id.* The court ultimately adopted the plaintiff's proposed protective order which provided that information designated as "confidential" by either party would be available to only the parties, their counsel and individuals assisting them in the case or related cases. *Id.*

These cases address the very issue presented here and stand for the proposition that when there is a legitimate need for an in-house expert, courts are inclined to allow disclosure to a limited number of witnesses provided that the witnesses agree to comply with the terms of the protective order. Numerous other courts have held similarly. *See, e.g., Pharmachemie v. Pharmacia, Inc.*, Civ. Act. No. 95-40085-NMG, 1998 U.S. Dist. LEXIS 2192 at * 7-8 (D. Mass. Jan. 30, 1998) (allowing one of plaintiff's technical employees to evaluate defendant's confidential information produced during discovery); *THK America, Inc. v. Nippon Seiko*, 141 F.R.D. 461, 462 (N.D. Ill. 1991) (allowing plaintiff company's president to review the defendant's confidential documents); *Metropolitan Life Ins. Co. v. Bancorp Services LLC*, No. 00-CIV-1082-RMB-DFE, 2000 WL 1644488, at *2-3 (S.D.N.Y. Nov. 2, 2000) (allowing plaintiff's employee access to defendant's allegedly infringing technology over defendant's objection); *Minnesota Mining and Mtg. Co. v. Smith and Nephew*, PLC, No. 3-91-CIV-274, 1992 WL 464352, at *3 (D. Minn. July 27, 1992) (affirming magistrate's order allowing plaintiff's in-house technical employee access to defendant's allegedly infringing technology); *Bailey*, 980 F. Supp. at 583 (court allowed full disclosure of confidential material to in-house expert where protective order required accused infringer's in house counsel and in-house expert to sign affidavit agreeing to be bound by the terms of the protective order).

# CESARI AND MCKENNA, LLP

**III.    The Court Should Allow One Designated Officer or Employee of Each Defendant Access to RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY Materials.**

Under the facts and holdings of these and similar cases, Defendants are entitled to have one designated in-house expert, particularly IBC's Mr. Rabinovitch, have access to RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY information and documents, produced in discovery by Plaintiffs. Similar to the in-house experts in the foregoing cases, Mr. Rabinovitch is a renowned and skilled blade manufacturer. The issues that likely will be at the heart of this lawsuit will be so complex and technical, that even seasoned, technically trained attorneys will have a difficult time fully understanding them. As such, Defendants and their counsel need Mr. Rabinovitch, who is extremely knowledgeable in the field of blade manufacturing, to assist them in identifying and understanding important facts found in the information and documents produced by Plaintiffs.

Plaintiffs are protected from any alleged potential misuse by Defendants' designated representatives of their RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY information and documents by the fact that they must, as a precondition for access to such information, agree to execute the "Confidentiality Agreement" attached as Exhibit A to both sides' proposed protective orders. In signing this Confidentiality Agreement, Defendants' representative will be expressly agreeing (under penalty of perjury and potential sanctions by the court for any violation of the protective order) not to "divulge any documents, or copies of documents, designated 'Confidential' obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order" and not to "copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order." This commitment greatly reduces the risk that Defendants' representative would abuse Plaintiffs' confidential information. *See MGP Ingredients, Inc.*, 245 F.R.D. at 502 (finding that because the protective order requires virtually all persons granted access to confidential information to sign an agreement acknowledging that they read the order and agreed to abide by it, "the risk of anyone abusing his or her knowledge of confidential information appears to be small").

# CESARI AND MCKENNA, LLP

Honorable Marian W. Payson
January 13, 2011
Page 9

## IV.    CONCLUSION

For all of these reasons, Exhibit A - which includes Defendants' input to Plaintiff's proposal - is the appropriate form of Protective Order for this case. In a good faith attempt to resolve this issue now, we ask the Court to schedule a conference call with all counsel. Thank you.

Respectfully submitted,

Thomas C. O'Konski

TOK\k
Enclosure:
cc:        Barry M. Benjamin, Esq.
           Thomas P. Battistoni, Esq.

*Counsel for plaintiff shall respond to this letter in writing by no later than 1/24/11.*

*SO ORDERED*
*Marian W. Payson*
*US Magistrate Judge*
*1/18/11*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LEE VALLEY TOOLS, LTD.,
VERITAS TOOLS, INC. (Canada), and
VERITAS TOOLS, INC. (USA),

        Plaintiffs,

v.

WOODCRAFT SUPPLY LLC,
INDUSTRIAL BLADE COMPANY, and
ROBERT COSMAN,

        Defendants.

)
)
)
)  Civil Action No. 10-cv-6242
)
)
)
)
)
)
)
)
)
)

---

## STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and with the consent of the parties to entry of this Order, IT IS HEREBY ORDERED THAT:

(1)      Any Party to this action (or any non-Party that provides discovery in connection with the above-captioned action and expressly agrees to be bound by the terms of this Protective Order) (hereinafter referred to as "Parties" or "Party") may designate material or information, whether embodied in documents, things, deposition testimony, answers to interrogatories or requests for admission or other materials, as (i) CONFIDENTIAL or (ii) RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY. The parties shall make a good faith effort to designate items in an appropriate category. By way of illustration, a party may designate as CONFIDENTIAL sensitive information that is not known to the general public and that is treated by the Party as confidential, such as confidential research, development or commercial information. This information is expected to include, but not be limited to, financial data and

US2008 1563716.2

information, marketing and promotional information, branding information, technical data and information, business plans and strategies, customer related information, strategic partner information, market research and strategy, project information, financial account information, and agreements with third-parties that are governed by confidentiality provisions. Collectively, these categories constitute what the Parties understand to potentially constitute CONFIDENTIAL information.

(2)     A party may designate as RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY confidential information that is of a highly proprietary or technical nature or constitutes competitively sensitive information and that could potentially be used by either the requesting Party, another Party to this action or a third-party, for commercial use or otherwise to harm the competitive position of the disclosing Party.     A Party may designate as CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY only such information as the Party reasonably and in good faith believes is confidential or proprietary and requires protection under this Order. As set forth below, these two types of confidential information are subject to different levels of protection.

(3)     A designation of information as CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY or a Party's declination to challenge information designated or claimed CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY shall not be deemed an admission, whatsoever, by any Party that any information is a trade secret or confidential.

(4)     Absent further order by this Court, information designated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY, and all copies, summaries, compilations, notes or abstracts thereof, shall be used exclusively for the purpose of litigating

2

this case and not for any other purpose. Nothing herein shall impose any restrictions on a Party from disclosing its own information designated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY as it deems appropriate

(5)     A Party may designate non-documentary information as CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY by identifying it with reasonable specificity, orally or in writing, when the information is produced, disclosed or revealed or, if it is produced by a third-party to this Action, within seven days after receipt of the non-documentary evidence. Further, a document must be designated by marking it or stamping it, as appropriate, "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY" prior to its production to the receiving Party, unless it is produced by a third-party to this Action in which case any Party may so designate the documents in writing within seven days after the Party receives the document. Documents produced by a party to this Action prior to the entry of this Order may be designated in writing within seven days after entry of this Order. To designate a multiple page document, such a document must be conspicuously marked or stamped on each page of the document. If a document is not so marked prior to its disclosure to a receiving Party but is otherwise designated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY orally, on a record, or in writing at the time of disclosure, the receiving Party, as a condition of receiving the document, shall promptly cause the document to be appropriately marked or stamped.

(6)     When a party initially produced documents or things for inspection in response to a discovery request or otherwise, no marking need be made in advance of the inspection. For the purposes of the inspection, and only where the parties have not previously designated/classified the documents or things as provided herein, all documents and things produced for inspection

3

shall be treated as RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY until the inspecting party has selected specified documents for copying or things for further inspection. After the inspecting party has selected specified documents for copying or things for further inspection, the producing party shall appropriately mark the selected documents or the selected things as provided for under this Protective Order before or while they are copied or further inspected.

(7)     Deposition testimony, or any portion thereof, may be designated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY. Such designation may be made orally on the record (during the deposition) or in writing thirty (30) days following a Party's receipt of the deposition transcript. With respect to an oral designation, the deposition transcript shall be treated as RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY until the expiration of said thirty (30)-day period. Should counsel for any Party wish to challenge the designation, all Parties nonetheless shall treat the information in question as it was designated until the Court is able to resolve the issue.

(8)     Access to CONFIDENTIAL INFORMATION shall be restricted to:

(a)     Officers, directors, managing agents and employees (including in-house counsel) of the Parties to this action who have agreed to be bound by and to comply with this Order.

> **Deleted:** and who have executed the Confidentiality Agreement attached hereto as Exhibit A (the "Confidentiality Agreement")

(b)     Attorneys and law firms of record in this litigation, and their secretaries, paralegals, assistants, and others engaged by counsel in the litigation of this action who have agreed to be bound by and to comply with this Order,

(c)     Outside consultants and expert witnesses (those consultants and experts who are not employed by any Party or any competitor of a Party) retained for the litigation of this action,

4

who have agreed to be bound by and comply with this Order and who have executed the

Confidentiality Agreement attached hereto as Exhibit A (the "Confidentiality Agreement").

> **Deleted:** and who have agreed to be bound by and comply with this Order

    (d)     This Court, including the Court's staff, and finders of fact before whom the

Action is to be tried,

    (e)     Any certified shorthand reporters or stenographers retained to create a formal

record of any proceeding and/or deposition in the Action,

    (f)     persons shown on the face of the document to have authored or received it,

> **Deleted:** f

    (g)     Any deponent in the Action, but only in connection with preparation for and

during the course of his or her deposition and only if the deponent has agreed to be bound by and

comply with this Order and has executed the Confidentiality Agreement.   The disclosure

permitted by this paragraph shall not include providing to such individual his own copy of any

document or other tangible item containing Confidential Information, and

> **Deleted:** g

    (h)     Such other persons as may be designated by written agreement of the Parties or by

Court Order.

    (9)     Access to RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY

information shall be restricted to:

    (a)     Attorneys and law firms of record, and their secretaries, paralegals, assistants and

others engaged by counsel in the litigation of this action who have agreed to be bound by and to

comply with this Order,

> **Formatted:** Bullets and Numbering

    (b)     No more than one (1) officer or employee of each of the parties who has been

> **Deleted:** ve

designated to assist the attorneys with the conduct and management of the action and who has

executed the Confidentiality Agreement,

5

(c)    Outside consultants and expert witnesses (those consultants and experts who are not employed by any Party or any competitor of a Party) retained for the litigation of this action and who have agreed to be bound by and comply with this Order and who have executed the Confidentiality Agreement,

(d)    persons shown on the face of the document to have authored or received it,

(e)    To any person whose testimony is taken or to be taken in this Litigation who is a current or former employee of the party that produced the applicable document(s) or who appears, based upon the document itself or testimony in a deposition, to have knowledge of the contents of the document designated as "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or the specific events, transactions, discussions, or data reflected in the document, except that such a person may only be shown documents, testimony, information, or other materials designated as "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY" during his or her testimony and in preparation therefor, and only to the extent necessary for the preparation of such testimony,

(f)    This Court, including the Court's staff, and finders of fact before whom the Action is to be tried, and

(g)    Any certified shorthand reporters or stenographers retained to create a formal record of any proceeding and/or deposition in the Action.

(h)    If a receiving Party wishes to disclose information designated RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY to witnesses, potential witnesses, or any other person not authorized to receive such RESTRICTED CONFIDENTIAL information under this Paragraph of the Protective Order, then the receiving and producing Parties shall attempt to agree, in good faith, to a disclosure procedure. If the Parties cannot agree, then the receiving

**Deleted:** gf

6

Party shall apply to the Court, by motion or otherwise, seeking an order to allow the disclosure to witnesses or potential witnesses.

(10)   Each person appropriately designated pursuant to paragraph 9(b) to receive confidential information shall execute a Confidentiality Agreement. Opposing counsel shall be notified at least ten (10) days prior to disclosure to any such person. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within ten (10) days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

(11)   Information designated CONFIDENTIAL and RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY shall be maintained in confidence by the receiving Party, according to the terms hereof, and used by the receiving Party solely in this action. The Parties expressly recognize that those, to whom CONFIDENTIAL INFORMATION is disclosed shall not disclose, discuss or relate such information to anyone who is not identified in Paragraph 8 above, and those to whom RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY information is disclosed shall not disclose, discuss, or relate such information to anyone who is not identified in Paragraph 9 above.

| Formatted: Bullets and Numbering |
| Deleted: ¶ |

| Deleted: those |

(12)   Each party shall maintain custody of all original Confidentiality Agreements that it arranges to have executed or that are otherwise executed on its behalf.

| Formatted: Indent: First line: 0.5" |

(13)   In the event that any information designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY is filed with the Court, or disclosed in any such filing, such information shall be filed under seal in an envelope or package that states in a conspicuous manner, as appropriate:

7

US2008 15637162

**CONFIDENTIAL – FILED UNDER SEAL**

> This envelope contains CONFIDENTIAL INFORMATION of [name of party] and is not to be opened nor the contents thereof displayed, revealed or seen except by order of the Court, upon notice to the entity identified above, or by agreement of the entity identified above.

OR

**RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY – FILED UNDER SEAL**

> This envelope contains RESTRICTED CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY of [name of party] and is not to be opened nor the contents thereof displayed, revealed or seen except by order of the Court, upon notice to the entity identified above, or by agreement of the entity identified above.

Such documents shall be opened and reviewed only by authorized Court personnel or by counsel of record, subject to the provisions of this Protective Order.

(14)   At any hearing in or the trial of this action, a Party may use information designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY, provided that adequate prior notice of such use is given to counsel for the disclosing Party to permit that Party the opportunity to seek appropriate protection from the Court, including a request to the Court that the courtroom be closed to the public and that court employees be advised as to the terms of this Order. If the Court denies any such request, the use of information designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY shall not constitute a waiver of secrecy with respect thereto.

(15)   Any Party shall have the right, at any time, to move for a modification of this Order or to arrange for or seek the removal of a "CONFIDENTIAL" or a "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY" designation from any document or information the Party believes was inappropriately designated. Before filing a motion with the Court, however, the Party seeking a modification shall confer with the Parties to determine

8

US2008 1563716.2

whether the matter can be resolved by agreement. This requirement – the obligation to attempt to resolve in good faith disputes by agreement before they are brought to the Court – applies to any and all disputes that arise under any other paragraph or otherwise in connection with this Order. A Party designating information as Confidential Information shall have the burden of establishing the validity of the designation if challenged. Until such time as there is a final ruling by the Court or Court appointed referee, the objecting Party shall abide by the terms of this Order.

(16)    Nothing in this Order shall be deemed a waiver of any right any Party might otherwise have under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

(a)    If a Party inadvertently discloses any information without designating it as CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY but later determines that it should be so designated and so informs the receiving Party thereof in writing, the information shall thereupon be treated, as appropriate, as CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY and the receiving Party shall immediately make prompt and reasonable efforts to protect the information and retrieve it from any person not entitled to receive it under Paragraphs 8 or 9. The receiving Party may challenge the producing Party's late designation of the information, but shall take no further action inconsistent with the designation until such time as the challenge is resolved. If the receiving Party makes no challenge to the late designation, or if its challenge is unsuccessful, the receiving Party shall mark or stamp the information CONFIDENTIAL or RESTRICTED

9

CONFIDENTIAL – OUTSIDE COUNSEL ONLY in accordance with the disclosing Party's designation.

(b)     If a Party inadvertently discloses any information protected by the attorney-client privilege or work product doctrine and informs the receiving Party thereof in writing about the inadvertent disclosure, the receiving Party shall immediately make prompt and reasonable efforts to protect the information and retrieve it from any person not entitled to receive it and shall return the information immediately to the producing Party.  The receiving Party may challenge the producing Party's claim that the information is legally privileged and/or confidential, but shall take no further action inconsistent with the designation until such time as the challenge is resolved.  Inadvertent disclosure promptly cured after it is discovered shall not be considered a waiver of the attorney-client privilege or work product doctrine.

(17)     This Protective Order shall govern all pretrial proceedings, but shall be subject to modification upon notice to a Party to this Action and for good cause shown.

(18)     Within 60 days after the conclusion of this case, including any appeals and all related proceedings, opposing counsel shall certify in writing that all CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY information designated and produced hereunder, and all copies thereof have been destroyed, except that counsel may retain a copy of such Confidential Information solely for archival purposes.  Counsel for any Party or non-Party receiving CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY information shall provide written certification of compliance with this provision to counsel for the producing Party within ninety (90) days after the conclusion of this case.

10

Formatted: Indent: First line: 0.5"

Formatted: Bullets and Numbering

(19)   Neither the taking of nor the failure to take any action to enforce the provisions of this Order, nor the failure to object to any such action or omission, shall constitute a waiver of any claim or defense in the trial of this action.

(20)   No Party shall object to disclosing or producing information on the ground that a further or other protective order is needed unless such Party shall have (a) unsuccessfully attempted in good faith to reach agreement with the other parties as to a consent order obviating the objection and (b) filed, within thirty (30) days after service of the request for the documents or information, an application for modification of this Order to obviate the objection, taking the necessary steps to have the motion resolved as early as practicable.

(21)   Upon receipt of any subpoena for CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY information whether received during or after the final conclusion of the litigation (including after any appeals that may be taken by the Parties), the Party receiving the subpoena shall immediately notify outside counsel for the other Party or non-Party owner of the subpoena so that the latter may protect that Party's interests.

(22)   The Parties may make agreements necessary to clarify the terms of this Protective Order without recourse to the Court.

The undersigned parties consent to the entry of the foregoing Order on this ___ day of _____, 2010.


| | |
|---|---|
| Barry M. Benjamin | John T. Refermat |
| Andrew Gerber | LACY KATZEN LLP |
| KILPATRICK STOCKTON LLP | 130 East Main Street |
| 31 West 52nd Street, 14th Fl. | Second Floor |
| New York, NY 10019 | Rochester, NY 14604 |
| Tel:   (212) 775-8700 | Tel:   (585) 484-5650 |
| Fax.:  (212) 775-8800 | Fax:   (585) 269-3009 |
| bbenjamin@kilpatrickstockton.com | jrefermat@lacykatzen.com |

11

agerber@kilpatrickstockton.com
*Attorneys for Plaintiffs*
*Lee Valley Tools, Ltd.*
*Veritas Tools, Inc. (Canada)*
*Veritas Tools, Inc. (USA)*



_____

Thomas P. Battistoni
SCHIFF HARDIN LLP
900 Third Ave.
New York, NY 10022
Tel:    (212) 753-5000
Fax:    (212) 753-5044
tbattistoni@schiffhardin.com
*Attorneys for Defendant*
*Robin Cosman s/h/a Robert Cosman*

AND
Thomas C. O'Konski (BBO# 378,265)
Kevin Gannon (BBO# 640,931)
CESARI AND MCKENNA, LLP
88 Black Falcon Avenue
Boston, MA 02210
Tel:    (617) 951-2500
Fax:    (617) 951-3927
tok@c-m.com
ktg@c-m.com
*Attorneys for Defendants*
*Woodcraft Supply LLC*
*Industrial Blade Company*

**Formatted:** Italian (Italy)


**IT IS SO ORDERED**, this __ day of _____, 2010.


_____
Charles J. Siragusa
United States District Court Judge


**EXHIBIT A**


**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**


12

US2008 1563716.2

| | |
|---|---|
| LEE VALLEY TOOLS, LTD.,<br>VERITAS TOOLS, INC. (Canada), and<br>VERITAS TOOLS, INC. (USA),<br><br>    Plaintiffs,<br><br>v.<br><br>WOODCRAFT SUPPLY LLC,<br>INDUSTRIAL BLADE COMPANY, and<br>ROBERT COSMAN,<br><br>    Defendants. | )<br>)<br>)<br>)  Civil Action No. 10-cv-6242<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CONFIDENTIALITY AGREEMENT

I _____ state that:

1.  My address is _____.

2.  My present employer is _____ and the address of my present

employment is _____.

3.  My present occupation or job description is _____.

4.  I have received a copy of the PROTECTIVE ORDER in the lawsuit ("Order"), and I have

carefully read and I understand the provisions of the Order.

5.  I will comply with all of the provisions of the Order.

6.  I will hold in confidence, will not disclose to anyone not qualified under the Order, and

will use only for purposes of this lawsuit, any CONFIDENTIAL INFORMATION or

RESTRICTED CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY that is

disclosed to me.

7.  I will advise any necessary assistant of mine, to the extent permitted under the Order, the

nature of any CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL

13

INFORMATION – OUTSIDE COUNSEL ONLY that I disclose to such assistant and will be responsible for assuring that such assistant complies with the same obligations of confidentiality to which I am hereby agreeing.

8.  I will return all CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY that comes into my possession, all notes, documents or things that I prepare relating thereto, to counsel from whom I received the information.

9.  I hereby submit to the jurisdiction of the United States District Court for the Western District of New York for the purpose of enforcement of this Agreement pursuant to the Order.

10. I declare under penalty of perjury that the foregoing is true and correct.


Executed on:

_____
                 SIGNATURE


14

US2008 1563716.2