

**KILPATRICK TOWNSEND**
ATTORNEYS AT LAW



RECEIVED
JAN 1 8 2011
MARIAN W. PAYSON
U.S. Magistrate Judge
Western District of New York

KILPATRICK TOWNSEND & STOCKTON LLP
www.kilpatricktownsend.com

31 West 52nd Street
14th Floor
New York, NY 10019
t 212 775 8700  f 212 775 8800

direct dial 212 775 8758
direct fax 212 775 8811
agerber@kilpatricktownsend.com

January 18, 2011

**VIA FACSIMILE**

Hon. Marian W. Payson
Magistrate Judge
United States District Court
Western District of New York
Kenneth B. Keating Federal Building
100 State Street
Rochester, NY 14614
Fax: (585) 613-4085

    Re: Lee Valley Tools, Ltd., et al. v. Woodcraft Supply LLC, et al.
    U.S.D.C./W.D.N.Y., 10-CV-6242 (CJS)(MWP)
    (KS Ref. No. L3440 / 389864)

Dear Magistrate Judge Payson:

  We are counsel to Plaintiffs Lee Valley Tools, Ltd., Veritas Tools, Inc. (Canada), and Veritas Tools, Inc. (USA). We write to request a few additional days, to January 28, 2011 (from January 24, 2011), to respond to the January 13, 2011 letter submitted to the Court by Thomas C. O'Konski, counsel for Woodcraft and IBC.

  Though the letter indicates that we have been served with copies of this letter, we were unaware of its existence until we received Your Honor's Order this morning, and in fact, we still have not received any service copy of the letter from Mr. O'Konski. Ignoring our prior course of communicating through e-mail, counsel apparently chose to send service copies via regular mail. At the very least, we would have expected to receive a timely copy of this substantive correspondence with the Court.

US2008 2236336.1

ATLANTA AUGUSTA CHARLOTTE DENVER DUBAI NEW YORK OAKLAND PALO ALTO RALEIGH SAN DIEGO SAN FRANCISCO SEATTLE STOCKHOLM TAIPEI TOKYO WALNUT CREEK WASHINGTON, DC WINSTON-SALEM



January 18, 2011
Page 2

    In addition, we wanted to inform Your Honor that we view Mr. O'Konski's motion as entirely unnecessary and premature, as well as based on unreasonable and vexatious litigation practices. We view the letter motion as premature in light of the fact that Mr. O'Konski failed to even once pick up the telephone to call us to discuss the issues around the proposed Stipulated Protective Order. Given that one of the basic tenets of litigation practice is that all counsel should endeavor to reduce judicial burden and work out discovery matters among themselves prior to running into court, Mr. O'Konski's failure to attempt to work the matter out short of a few e-mails sent back and forth falls far short of what should be expected from counsel litigating in Federal court.

    What is even more alarming is the premise of Mr. O'Konski's position in his footnote that we did not serve timely responses to his discovery demands. What he fails to mention to this Court is that IBC's discovery demands were blatantly defective. When we brought the defect to counsel's attention and indicated that we would be happy to work out a compromise on the timing of a response, counsel then compounded their alarming and vexatious behavior by indicating in an e-mail to us that they would not

> "grant any extensions unless [Plaintiff] make[s] an acceptable offer of settlement that includes a substantial payment to IBC before the close of business today."

    It is quite remarkable and unreasonable that counsel would condition a purported extension of time to respond to discovery demands (which was unnecessary in any event because the demands were defective as served) on extracting a settlement offer with a "substantial payment" to his client by close of business that day. Obviously we did not and will not succumb to these extortionate demands. Nor did we view them at that time as requiring this Court's involvement as their position was entirely specious, and we frankly expected to at least attempt to work diligently and reasonably with counsel to resolve any disputes prior to involving Your Honor.

    As to the substance of Mr. O'Konski's request, not only do we thoroughly disagree with his arguments, we also take issue with numerous factual misrepresentations and critical

US2008 2236336.1



January 18, 2011
Page 3

omissions in his *ex parte* request, which we will detail in our response. We therefore respectfully request that we be allowed until January 28, 2011 to respond to this apparently *ex parte* letter.

Respectfully submitted,

Barry M. Benjamin
Andrew I. Gerber

CC via email:

Thomas P. Battistoni
Schiff Hardin LLP
*Attorneys for Defendant Robin Cosman*

Thomas C. O'Konski, Esq.
Kevin Gannon, Esq.
Cesari and McKenna, LLP
*Attorneys for Defendant Woodcraft Supply LLC
and Industrial Blade Company*

Request granted.
So ordered.
Marian W Payson
USMJ
1/19/11

US2008 2236336.1